

Paul E. Smith, Cal. Bar No. 216644
LAW OFFICES OF PAUL E. SMITH
16870 West Bernardo Dr., Suite 400
San Diego, California 92127
Telephone: (858) 679-3396
Facsimile: (858) 630-4947
psmith@paulsmithlaw.com

Attorney for Plaintiff
LINDA JOHNSON

FILED
10 DEC 14 AM 11:25
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Linda Johnson,

Plaintiff,

v.

Erin Capital Management LLC; Eltman, Eltman & Cooper P.C.,

Defendants.

Case No.: SACV10-01895 JVS (RNBx)

COMPLAINT

DEMAND FOR JURY TRIAL

BY FAX

**PRELIMINARY STATEMENT**

1. This is an action for actual and statutory damages plus costs and attorney fees brought by an individual consumer for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA") and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter, "Rosenthal Act"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.

3. Plaintiff Linda Johnson (hereinafter, "Ms. Johnson") is a natural person and resident of Orange County, California.

4. Upon information and belief, Defendant Erin Capital Management LLC ("ECM") is a Delaware corporation with its principal place of business in New York. Upon information and belief, ECM regularly conducts business in California, including the counties that comprise the federal court system's Central District of California.

5. Defendant Eltman, Eltman & Cooper P.C. ("Eltman") (ECM and Erin are collectively referred to hereafter as "Defendants") is a New York corporation with its principal place of business in New York. Upon information and belief, Eltman regularly conducts business in California, including the counties that comprise the federal court system's Central District of California. Eltman is registered business entity in California that has designated an agent for service of process.

6. The claims upon which this action is based arose in Ventura County, California.

7. Upon information and belief, at all relevant times mentioned herein, each of the Defendants and Defendants' employees was the agent and/or employee of one or more of the other named Defendants, and in doing the things alleged were acting within the course and scope of such agency and/or employment, and in doing the acts herein alleged were acting with the consent, permission and authorization of the other Defendants. All relevant actions of each of the Defendants and Defendants' employees were ratified and approved by the other named Defendants.

## FACTS

8. On or about July 12, 2007, Defendants filed a lawsuit against Ms. Johnson in the Superior Court of California, County of Ventura, Case No. 56-2007-00286941-CL-CL-SIM, attempting to collect an alleged debt ("Collection Lawsuit").

9. Defendants claimed the Collection Lawsuit was for an alleged "Providian" credit card agreement with original account number 5409792300658406.

10. On or about September 18, 2007, Ms. Johnson filed a lawsuit in the United States District Court, Central District of California, Case No. CV07-06053 VBF (Ex), against Defendants alleging multiple violations of the FDCPA and Rosenthal Act ("FDCPA Lawsuit").

11. On or about October 8, 2007, Ms. Johnson and Defendants reached a settlement of the Collection Lawsuit and FDCPA Lawsuit on the following terms: (1) Defendants agreed to dismiss the Collection Lawsuit with prejudice; (2) Ms. Johnson agreed to dismiss the FDCPA Lawsuit with prejudice; and (3) Defendants agreed to pay Ms. Johnson $6,000.

12. On or about October 15, 2007, Defendants dismissed the Collection Lawsuit with prejudice.

13. On or about October 16, 2007, Defendants made payment of $6,000 to Ms. Johnson.

14. On or about November 1, 2007, Ms. Johnson dismissed the FDCPA Lawsuit with prejudice.

15. On or about September 7, 2010, Defendants sent a letter to Ms. Johnson attempting to collect the same alleged debt that was the subject of the Collection Lawsuit. This letter included an enclosure of a letter to the US Department of Justice titled "Employment Verification for Purposes of Wage Garnishment."

16. On or about October 13, 2010, Defendants sent a letter to Ms. Johnson again attempting to collect the same alleged debt that was the subject of the Collection Lawsuit. This letter was titled, "CALL NOW BEFORE YOUR CASE PROCEEDS TO GARNISHMENT." This letter began, "As you know, we have requested from your employer verification of your employment at US DEPARTMENT OF JUSTICE." The letter also threatened, "Our client will be seeking a wage garnishment against your salary to satisfy the judgment against you." The letter concluded, "If we do not hear from you

in the next THREE DAYS, this account will be referred to a law firm in your state to enforce the judgment through a wage garnishment. **Please do not delay.**"

17. As a direct and proximate result of Defendants' actions, Ms. Johnson suffered actual damages including, but not limited to, financial harm, loss of productivity, anxiety, indignation, irritability, nervousness, fear, worry, loss of happiness, headaches, loss of sleep, insomnia, nausea, stress, and anger.

**FIRST CLAIM FOR RELIEF**

**Violations of Federal Fair Debt Collection Practices Act**

18. Ms. Johnson realleges and incorporates paragraphs 1 through 17 above as if fully set out herein.

19. Ms. Johnson is a "consumer" within the meaning of the FDCPA.

20. Defendants are "debt collectors" within the meaning of the FDCPA.

21. Defendants alleged that Ms. Johnson owed a "debt" within the meaning of the FDCPA.

22. Defendants violated the FDCPA, 15 U.S.C. §1692e(2), by giving a false impression of the character, amount, or legal status of the alleged debt in a communication with Plaintiff.

23. Defendants violated the FDCPA, 15 U.S.C. §1692e(4), by giving the impression that nonpayment of the alleged debt would result in the seizure, garnishment, attachment, or sale of any property or wages when such action would have been unlawful and when Defendants did not intend to take such action.

24. Defendants violated the FDCPA, 15 U.S.C. §1692e(5), by threatening to take an action that could not legally be taken and/or that was not intended to be taken.

25. Defendants violated the FDCPA, 15 U.S.C. §1692e(8), by communicating or threatening to communicate to a person credit information which was known or which should have been known to be false.

26. Defendants violated the FDCPA, 15 U.S.C. §1692e preface and e(10), by using false, deceptive, or misleading representations or means in connection with attempted collection of the alleged debt.

27. Defendants violated the FDCPA, 15 U.S.C. §1692c(a)(2), by communicating with Plaintiff after knowing he was represented by an attorney.

28. Defendant violated the FDCPA, 15 U.S.C. §1692f(1), by attempting to collect an amount not authorized by the agreement creating the debt or that was not permitted by law.

29. Defendant violated the FDCPA, 15 U.S.C. §1692f, by using unfair or unconscionable means to collect or attempt to collect the alleged debt.

30. Defendant violated the FDCPA, 15 U.S.C. §1692d, by engaging in conduct the natural consequence of which was to harass, oppress, and/or abuse in connection with attempted collection of the alleged debt.

31. Defendants violated the FDCPA, 15 U.S.C. §1692c(a)(2), by communicating with Ms. Johnson after they knew Ms. Johnson was represented by an attorney.

32. As a result of the above violations of the FDCPA, Defendant is liable to Ms. Johnson for Ms. Johnson's actual damages, statutory damages, costs, and attorney fees.

**SECOND CLAIM FOR RELIEF**

**Violations of California Fair Debt Collection Practices Act**

33. Ms. Johnson realleges and incorporates paragraphs 1 through 32 above as if fully set out herein.

34. Ms. Johnson is a "debtor" within the meaning of the Rosenthal Act.

35. Defendants are "debt collectors" within the meaning of the Rosenthal Act.

36. Defendants alleged a "debt" to be owed by Ms. Johnson within the meaning of the Rosenthal Act.

37. Defendants violated the Rosenthal Act, Cal. Civ. Code §1788.10(e), by threatening that nonpayment of the alleged debt would result in the garnishment of Ms. Johnson's wages when that action was in fact not contemplated by Defendants and was not permitted by law.

38. Defendants violated the Rosenthal Act, Cal. Civ. Code §1788.13(j), by falsely representing that a legal proceeding will be instituted unless payment of the alleged debt was made.

39. Each and every violation of the FDCPA as described herein is a violation of the Rosenthal Act, Cal. Civ. Code §1788.17.

40. As a result of the above violations of the Rosenthal Act, Defendants are liable to Ms. Johnson for Ms. Johnson's actual damages, statutory damages, costs, and attorney fees.

WHEREFORE, Ms. Johnson respectfully pray that judgment be entered against Defendants for the following:

A. Actual damages of at least $50,000;

B. Statutory damages pursuant to 15 U.S.C. §1692k in the amount of $1,000;

C. Statutory damages pursuant to Cal. Civ. Code §1788.30(b) in the amount of $1,000;

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k and Cal. Civ. Code §1788.30(c);

E. For such other and further relief as may be just and proper.

Dated: December 14, 2010

LAW OFFICES OF PAUL E. SMITH

By: ______________________

PAUL E. SMITH
Attorney for Plaintiff
LINDA JOHNSON

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: December 14, 2010

LAW OFFICES OF PAUL E. SMITH

By: ______________________
PAUL E. SMITH
Attorney for Plaintiff
LINDA JOHNSON